NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 17-2454

———————————

UNITED STATES OF AMERICA

v.

VINCENT LIVINGSTON
a/k/a
Double O

Vincent Livingston,

Appellant

———————————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2-15-cr-00627-001)
District Judge: Honorable Claire C. Cecchi

———————————

Submitted under Third Circuit LAR 34.1(a)
on March 20, 2018

Before: SMITH, Chief Judge, HARDIMAN and ROTH, Circuit Judges

(Opinion filed May 8, 2019)

———————————

OPINION[*]

———————————

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, Circuit Judge

Vincent Livingston appeals the sentence imposed by the United States District Court for the District of New Jersey. Livingston contends that the District Court misapplied the United States Sentencing Guidelines (Guidelines) when it counted in Livingston's criminal history score his prior conviction for deceptive business practices under New Jersey Statute § 2C:21-7. We conclude that the District Court correctly applied the Guidelines, and therefore we will affirm its judgment of sentence.

## I.

In 2017, Livingston pled guilty to one count of knowingly and intentionally conspiring to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. At sentencing, Livingston argued that two of his prior convictions—one for loitering with the intent to obtain or distribute a controlled dangerous substance and the other for deceptive business practices—should be excluded from his criminal history score. Livingston contends that these prior two convictions were not countable under U.S.S.G. § 4A1.2(c)(1), which lists a number of minor offenses and provides that the sentences for such offenses and offenses similar to them will not be counted in the Criminal History computation.

The government contested the exclusion of these prior convictions. The District Court rejected Livingston's arguments that his prior convictions were sufficiently similar to the enumerated offenses, and assigned one criminal history point for each of the convictions. The counting of these two convictions placed Livingston in Criminal

History Category II.  Livingston was then sentenced to sixty-three months in prison, the bottom of the applicable Guidelines range.

Livingston now appeals the assignment of one criminal history point for his deceptive business practices conviction.[1]

## II.[2]

Livingston argues that his deceptive business practices conviction is similar to the Guidelines enumerated offense of "disorderly conduct or disturbing the peace" and, as a result, the District Court erred in counting the conviction towards his criminal history score.  Whether "deceptive business practices" is similar to the Guidelines offense of disorderly conduct is an issue of first impression in this Court.  To determine whether the two offenses are similar, we apply the five-factor test we previously announced in *United*

---

[1] Livingston does not appeal the assignment of one point for his prior conviction of loitering for the purpose of using, possessing, or selling a controlled dangerous substance. We held in *United States v. Hines* that the loitering referred to in the Guidelines is loitering simpliciter, which is not the same as loitering for the purpose of using, possessing, or selling a controlled dangerous substance under New Jersey Statute § 2C:33-2.1; the latter involves "the specific intent to obtain or distribute a controlled substance unlawfully" and therefore constitutes "loitering plus." 628 F.3d 101, 108-09 (3d Cir. 2010).  *Hines* thus forecloses any argument that the District Court improperly assigned one criminal history point for Livingston's prior loitering conviction.

[2] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2).  We review *de novo* a district court's interpretation of the Guidelines.  *Hines*, 628 F.3d at 105.

*States v. Hines*.[3]  After balancing these factors, we conclude that the two offenses are not similar.

The Guidelines provide that disorderly conduct or disturbing the peace "and offenses *similar to* them, by whatever name they are known," shall not be counted in determining a defendant's criminal history score, unless "(A) the sentence [of the prior offense] was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense."[4]  To determine whether a prior offense is similar to disorderly conduct or disturbing the peace, we (1) compare the punishments imposed, (2) consider the perceived seriousness of the instant offense, (3) compare the elements of the offenses, (4) compare the level of culpability involved, and (5) consider the degree to which the commission of the offense indicates a likelihood of recidivism.[5]  Where, "[o]n balance," fewer factors weigh in favor of finding similarity, the prior offense is not "similar to" the Guidelines offense.[6]

Livingston concedes that the first factor weighs against a finding of similarity.  In comparing the punishments of the offenses, we look to the maximum possible

---

[3] 628 F.3d at 110.  Our previous approach for determining whether an offense is similar to one of the enumerated offenses in the Guidelines entailed just a comparison of the elements of the offenses.  *See United States v. Elmore*, 108 F.3d 23, 27 (3d Cir. 1997).  In *Hines*, we recognized that this approach had been disavowed by the Sentencing Commission.  *Hines*, 628 F.3d at 110.  We therefore adopted the five-factor test that the Guidelines approved.  *See id.*

[4] U.S.S.G. § 4A1.2(c)(1) (emphasis added).  The parties do not argue that either of these exceptions apply here.

[5] *See Hines*, 628 F.3d at 110.

[6] *See id.* at 113.

4

punishments under the relevant state laws.[7] As we have previously held, where an offense is punishable by more than thirty days' imprisonment, the offense is not "similar to" an offense punishable by thirty days or less.[8] The maximum possible punishment for deceptive business practices, a disorderly persons offense, is six months in jail, while the maximum potential sentence for "disorderly conduct," a *petty* disorderly persons offense, is only thirty days in jail.[9] The punishments for the two crimes, therefore, are not similar.

Second, we evaluate the seriousness of Livingston's prior conviction by considering the punishment he actually received. For his crime of deceptive business practices, Livingston was sentenced to one year of probation and eight days of jail credit. This sentence, and specifically the small amount of jail time involved, is "similar to the penalties one would receive for committing the type of minor offense that the Guidelines do not count."[10] Thus, this factor weighs in favor of finding that the deceptive business practices offense is similar to the Guidelines offense of disorderly conduct.

Third, we compare the elements of the two crimes. For this analysis, we "interpret New Jersey's statute according to state law and the Guidelines according to federal

---

[7] *See id.* at 110-11.
[8] *Id.* at 111.
[9] *See* N.J. Stat. § 2C:21-7 (deceptive business practices is a disorderly persons offense); N.J. Stat. § 2C:33-2 (disorderly conduct is a petty disorderly persons offense); N.J. Stat. § 2C:43-8 ("A person who has been convicted of a disorderly persons offense or a petty disorderly persons offense may be sentenced to imprisonment for a definite term which shall be fixed by the court and shall not exceed 6 months in the case of a disorderly persons offense or 30 days in the case of a petty disorderly persons offense.").
[10] *Hines*, 628 F.3d at 111.

law."[11] In New Jersey, "[a] person commits an offense [of deceptive business practices if] he . . . [s]ells, offers or exposes for sale adulterated or mislabeled commodities."[12] Under federal law, an individual is guilty of "disorderly conduct" if with the "intent to cause public inconvenience, annoyance or alarm" he engages in violent or threatening behavior; makes unreasonable noise or offensive displays; uses abusive language; or creates a hazardous or physically offensive condition.[13] The elements of the two crimes are very different. This factor, therefore, weighs in favor of concluding that the two crimes are not similar.

Fourth, and related to the third element, we evaluate the level of culpability involved in each crime. As we said in *Hines*, "[c]ulpability is another way of describing the mens rea a statute requires of each material element of an offense."[14] The mens rea of New Jersey's deceptive business practices statute is "knowing[] or reckless[]" deception in selling "adulterated or mislabeled" goods.[15] On the other hand, the mens rea of disorderly conduct under the Guidelines is the "purpose to cause public inconvenience . . . or recklessly creating a risk thereof."[16] Because the mens rea of disorderly conduct does not involve any knowing or reckless deception, "the culpability requirements are

---

[11] *Id.*

[12] N.J. Stat. § 2C:21-7(d).

[13] *Elmore*, 108 F.3d at 26 (quoting Model Penal Code § 250.2(1)) (internal quotation marks omitted).

[14] 628 F.3d at 113.

[15] *See* N.J. Stat. § 2C:21-7 ("It is an affirmative defense to prosecution under this section if the defendant proves by a preponderance of the evidence that his conduct was not knowingly or recklessly deceptive.").

[16] Model Penal Code § 250.2(1).

6

divergent enough to render the offenses dissimilar under this portion of the Guidelines' balancing test."[17]

Finally, the government has not provided any evidence that a deceptive business practices conviction indicates a likelihood of recidivism. Even if this factor weighs in favor of finding similarity, however, three of the other factors do not.

As a result, the offense of deceptive business practices under New Jersey law is not similar to the Guidelines enumerated offense of disorderly conduct. For this reason, the District Court properly counted the deceptive business practices conviction toward Livingston's criminal history score.

## CONCLUSION

For the above reasons, we will affirm the judgment of the District Court.

---

[17] *Hines*, 628 F.3d at 113.